2008 UT App 367

**STATE of Utah, Plaintiff and Appellant,**

v.

**William G. RIECK, Defendant and Appellee.**

**No. 20070529–CA.**

Court of Appeals of Utah.

Oct. 17, 2008.

---

Mark L. Shurtleff, Atty. Gen., Marian Decker, Asst. Atty. Gen., and J. Frederic Voros Jr., Salt Lake City, for Appellant.

Michael D. Esplin, Provo, for Appellee.

Before Judges GREENWOOD, McHUGH, and ORME.

## MEMORANDUM DECISION

GREENWOOD, Presiding Judge:

¶ 1 The State appeals from the trial court's order dismissing multiple charges filed against Defendant William G. Rieck. The State asserts that the trial court committed plain error in dismissing the charges against Defendant, arguing that the dismissal is in direct conflict with settled Utah appellate case law. Because the record on appeal does not support a plain error theory, we affirm.

¶ 2 Defendant was charged with aggravated assault, assault against a peace officer, reckless endangerment, and interference with an arresting officer, all stemming from a single incident occurring on Defendant's private property. The parties requested an evidentiary hearing in lieu of a preliminary hearing, based "upon the expectation that the Court's ruling on the evidentiary issues could result in a resolution of the case." The record reflects that the purpose of the hearing was to "tak[e] evidence to determine the facts involved in the initial contact between the Utah County Sheriff's office and the defendant."

¶ 3 The only evidence presented at the evidentiary hearing was the testimony of the arresting officer, Deputy Scott Jensen. Deputy Jensen testified that just after dusk he responded to a complaint of someone firing a gun in an unincorporated area of Utah County. When he arrived at the approximate location of the complaint, Deputy Jensen heard gunshots that he believed to be coming from the property in front of which he had just parked—Defendant's property. As Deputy Jensen awaited backup, Defendant drove down his driveway and toward the closed gate. Deputy Jensen testified that he asked Defendant about the gunshots shortly after Defendant exited his truck—still within the fenced confines of his private property. Deputy Jensen further testified that Defendant's responses were uncooperative and that Defendant smelled strongly of alcohol. Deputy Jensen's inquiries regarding how much Defendant had drunk that evening were again met with belligerent dismissal. Finally, Deputy Jensen testified that at that point, to further investigate the complaint and Defendant's sobriety, he unlatched Defendant's gate and, without permission, entered Defendant's property.

¶ 4 Shortly after this evidentiary hearing, Defendant filed a Motion to Dismiss or to Suppress Evidence, arguing that Deputy Jensen's seizure and detention of Defendant were illegal. Defendant conceded that the initial questioning by Deputy Jensen was constitutional as a level-one stop, *see generally State v. Markland*, 2005 UT 26, ¶ 10 n. 1, 112 P.3d 507 (describing the three permissible levels of police stops), but argued that Deputy Jensen illegally seized him after entering his property when Defendant refused to answer questions and turned to leave. In response, the State asserted that Deputy Jensen was justified in continuing to question Defendant and in entering his property, because the odor of alcohol provided reasonable suspicion sufficient to justify a level-two detention. *See generally id.* The trial court

agreed that the initial encounter was a constitutionally permissible level-one stop. Nevertheless, the court granted Defendant's motion to dismiss, concluding that "[t]here was no justification for … deputy Jensen's conduct in entering onto defendant's private property and no justification for detaining the defendant or for making an arrest."

¶ 5 The State does not argue on appeal that the trial court erred in concluding that Deputy Jensen's entry onto Defendant's property was illegal, and thus, we assume the correctness of that determination. Instead, the State argues that the trial court committed plain error by dismissing the charges against Defendant because the dismissal was contrary to well-settled Utah appellate law. In support of its claim, the State relies primarily on *State v. Earl*, 2004 UT App 163, 92 P.3d 167, *cert. denied*, 106 P.3d 743 (Utah 2004). In *Earl*, Joshua Earl appealed his conviction of one count of possession of clandestine laboratory precursors, arguing that the trial court erred in denying his motion to suppress. *See id.* ¶¶ 1, 8. After entering the home in which Earl was located, the police officer saw drug paraphernalia and asked Earl and others in the room to identify themselves. *See id.* ¶¶ 4–5. Earl identified himself as Justin Gannon; however, in the course of a pat down the officer found Earl's wallet containing identification "which clearly indicated that Earl had lied" to the officer. *Id.* ¶ 5. Earl was arrested for providing false information, and in a search of Earl's backpack incident to that arrest, the officer found the clandestine laboratory precursors which Earl was ultimately convicted of possessing. *See id.* ¶¶ 5, 7.

¶ 6 Earl moved to suppress the evidence, arguing that the officer's initial illegal entry into the residence was such that any evidence found thereafter should be excluded as "fruit of the poisonous tree." *See id.* ¶ 7. The trial court denied Earl's motion and Earl appealed. *See id.* On appeal, this court held that the police officer's initial entry into the home violated the Fourth Amendment. *See id.* ¶ 22. Nonetheless, this court upheld Earl's conviction because Earl's intervening illegal act of lying to the officer, after the officer illegally entered the home, dissipated the taint of the officer's prior illegality. *See id.* ¶¶ 23–24. Consequently, the *Earl* court held that because Earl's arrest was lawful, the evidence found in the search pursuant to that arrest was properly admitted. *See id.* ¶ 24.

 ¶ 7 The State argues that the present facts are directly analogous to those in *Earl*, that *Earl* is settled appellate law, and that under that precedent the trial court was obligated to deny Defendant's motion to dismiss. To establish plain error, an appellant must show "that the trial court committed an error that was both obvious and prejudicial." *State v. Cruz*, 2005 UT 45, ¶ 24, 122 P.3d 543. An error is obvious if it is directly contrary to settled appellate law. *Cf. State v. Ross*, 951 P.2d 236, 239 (Utah Ct.App.1997) (noting that "Utah courts have repeatedly held that a trial court's error is not plain where there is no settled appellate law to guide the trial court"). Contrary to the State's argument, we see no error in the trial court's failure to apply *Earl* in this case. The trial court was presented with no testimony or other evidence that Defendant committed intervening illegal acts that would justify his arrest.

¶ 8 All that was presented to the trial court were the charges against Defendant; Deputy Jensen's testimony of the events in question up to the point that he entered Defendant's property; and a few unenlightening statements in the parties' memoranda, unsupported by any evidence, that a "melee resulting in the instant charges ensued." As stated earlier, the State stipulated to the evidentiary hearing and did not attempt to submit further evidence or testimony. In its reply brief, the State contends that it did not present additional evidence at the evidentiary hearing because that hearing was limited to the "initial contact between the Utah County Sheriff's office and the defendant." It is not clear to us that the "initial contact" evidence was limited to events leading up to Deputy Jensen's entry onto Defendant's property, thus excluding testimony about what happened afterwards. Nevertheless, even accepting the State's position about the scope of the evidentiary hearing, when Defendant subsequently filed his motion to dismiss the State made no effort to present additional evidence. Instead, the State resisted the

motion by reiterating its argument that the entry was not illegal.

¶ 9 Although *Earl* may well be binding precedent, its applicability to this case is not obvious because the trial court did not have before it evidence pivotal to *Earl's* holding; namely, evidence of Defendant's intervening illegal acts justifying his arrest after Deputy Jensen's illegal entry. Likewise, given the evidentiary inadequacy, failure to apply *Earl* was not error. Consequently, we conclude that the trial court's grant of Defendant's motion to dismiss was not plainly erroneous.

¶ 10 Based on the foregoing, we affirm.

¶ 11 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.